## Central Brewing Company v. American Brewing Company.

1. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless it is clearly and manifestly against the weight of the evidence.

2. INSTRUCTION—*when, upon subject of estoppel, improperly drawn.* An instruction which undertakes to recite all the facts which would constitute an estoppel in defense of the action must set up all the material facts necessary to establish a complete defense upon that ground.

3. ASSIGNMENT OF ERROR—*effect of absence of.* A complaint not predicated upon an assignment of error will not be considered on review.

4. JUDGMENT—*when will be amended in Appellate Court.* The Appellate Court will amend the form of judgment where so to do will not operate to the prejudice of the party against whom the judgment was rendered.

Replevin. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

CHARLES L. OBERT and WISE & McNULTY, for appellant.

HARLAN, JEFFRIES & WAGNER and FREELS & JOYCE, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action of replevin brought by appellee against appellant to recover certain personal property claimed by appellee under and by virtue of a chattel mortgage executed by one George Stookey September 4, 1903, to secure the payment of notes amounting to the sum of $450. Defendant pleads *non cepit, non detinet,* property in defendant, property in George Stookey, and a disclaimer as to property described in the declaration except "one 24 ft. counter

with arm and foot-rail, working bench (zinc), with 24 ft. oak back bar with mirror and shelving, and one bar ice box with acid beer pump complete" and as to the last described property appellant claimed to be the owner and in rightful possession of the same. A trial by jury on issues joined resulted in a verdict for plaintiff in form as follows: "We the jury find the plaintiff is the owner of the property in controversy and entitled to the possession of the same." A motion for new trial was denied and the court rendered the following judgment: "It is therefore considered and adjudged by the court that the plaintiff have and recover of and from the defendant the possession of the property described in the affidavit in this cause, together with the costs," &c.

Appellant contends that the verdict is against the evidence and that the court erred in giving one of the instructions asked by appellee and in modifying instructions asked by appellant. It is furthermore contended that the judgment rendered does not describe the property to which plaintiff was entitled and for that reason should be reversed.

Under the pleading only a part of the property described in the affidavit and declaration was in controversy. By plea of disclaimer as to "all the saloon and bar glassware," that which remained of the property described in the affidavit was the "one 24 ft. counter with arm and foot rail, working bench (zinc) with 24 ft. oak back bar with mirror and shelving, and one bar ice-box with acid beer pump complete," and. the question as to right of ownership and possession of this property was submitted to the jury to be determined from the evidence. This was the only property in controversy and the jury have found by verdict in form as the court instructed, that the plaintiff is the owner of the property in controversy and entitled to possession of the same. It appears from the evidence that George Stookey purchased from appellee the property in question and other property for which he

was to pay $750, $300 in cash and $450 in notes to be secured by chattel mortgage on the property purchased. The notes and mortgage bear date September 4, 1903. The mortgage was duly acknowledged September 5th, and recorded September 8, 1903. On September 9, 1903, Stookey sold to appellant the property in question for $300 and executed a bill of sale therefor. To this point there is no substantial conflict in the evidence. There was evidence in proof of appellant's contention, that the sale by Stookey to appellant, was with the knowledge and consent of appellee, who, it is claimed, received and accepted a part of the purchase price. There is testimony tending to prove that Stookey wanted to rent of appellant company the house in which the property was stored, for a barroom and boarding house; that the company would not rent the house to Stookey unless it owned the bar fixtures, and questioned his right to sell the property, offering to purchase if Stookey could give good title; that one Miller, agent of appellee company, was present and heard the conversation; that Stookey and wife went to the office of appellee in St. Louis, saw Mr. Koehler, vice-president of appellee company, and told him of the situation; that Koehler told Stookey that he could sell the fixtures for $300, but that Miller, the agent, was to go along and receive the money; that Miller and the Stookeys told appellant's agent, Elzemeier, that Stookey had the right to sell the bar fixtures for $300; that appellant then rented the house to Stookey and bought the bar-fixtures (the property in controversy), giving therefor a check for $220, being the balance of $300, after allowing $10 for cleaning and deducting $90 for one month's rent; that the check was indorsed by Stookey and delivered to Miller, the agent, and by him to appellee, by whom it was accepted and collected; that on September 16, 1903, in a settlement between Stookey and appellee for the balance of $300 to be paid by Stookey in cash in his purchase from appellee, the said check for $220 and

two notes for $40 each were taken and a receipt given by appellee to Stookey for $300 "on account of fixtures." Against this evidence stands the testimony of Hugo Koehler, vice-president of appellee company, that no such conversation as that related by Stookey and wife ever took place; that he did not know how Stookey got the $220; that he was not informed and had no knowledge or notice whatever when he took the check and applied it on Stookey's account that Stookey had sold the fixtures or any part of them included in the mortgage, to appellant. With this conflict of evidence upon material questions of fact which were to be determined from all the evidence and circumstances proven in the trial, we are not prepared to say that the verdict is manifestly against the preponderance, and in such degree that the court may interfere, and for that reason set aside the verdict and judgment.

Complaint is made of the modification of appellant's third instruction. The instruction was erroneous as offered and though improved by the change was not entirely correct as modified and given. There is an attempt to recite the facts which would constitute an estoppel in defense of the action, and upon the finding of the facts recited the jury is directed to find a verdict for the defendant. In such case all the material facts necessary to establish a complete defense must be brought into the instruction. Any instruction by which the court assumes, as matter of law, to direct a verdict for either party, or to declare the liability or freedom from liability of either party in the action, must embrace all the facts which under the pleadings and the evidence are essential to a verdict. Partridge v. Cutler, 168 Ill. 504; L. E. & W. R. R. Co. v. Wilson, 189 Ill. 89. That was not done here. According to appellant's witnesses, Stookey and wife's authority to sell the property to appellant was obtained from Koehler, who, as they testify, specially authorized the sale for $300, the money to be paid to appellee's agent,

Miller. In accepting less than $300, Miller was not acting within his known special authority in the transaction, and to bind appellee by such acceptance, and thereby create an estoppel, it was necessary to prove, and for the jury to find, that appellee knew the changed conditions under which the sale was made. This was not included in the instruction as offered, and the modification ''if he (Miller) accepted same as compliance with the contract'' in no way prejudiced appellant. There is evidence tending to prove that Stookey was authorized to sell the property for $300 cash, providing that same was turned over to Miller, the agent of appellee, but there is no direct evidence that he was authorized to sell upon the payment of a less sum. It is denied that he had any authority whatever and that appellee, in accepting the check, had notice of the sale or knew the consideration for the check. Without such knowledge there could be no estoppel. The instructions as to form of verdict were proper, as was the verdict in accordance therewith. It was sufficiently definite under the issues in this case to refer to the subject-matter of controversy as ''the property in question.'' Upon the record this could mean only that which was claimed by appellant by his pleas.

Complaint is made of the form of the judgment. This complaint is not within the assignment of errors, nor is the judgment found in the abstract, two sufficient reasons for ignoring the point made in argument. Nevertheless we are disposed to give it consideration. The error as pointed out is technical and does not go to the validity of the judgment. It is such error as would have been corrected on application to the trial court, and failing to make such application with exceptions preserved to an adverse ruling of the court, appellant is not in position to complain. However, to obviate any question that may possibly arise prejudicial to appellant, the judgment will be amended in form so as more clearly to accord with the verdict

and express the conclusion of the court upon the findings of the jury. As recorded the judgment reads: "It is therefore considered and adjudged by the court that the plaintiff have and recover of the defendant the possession of the property described in the affidavit in this cause, together with costs by it in this behalf expended." It is hereby amended to read as follows: "It is therefore considered and adjudged by the court, that the plaintiff have and recover of the defendant the possession of the property described in the declaration, less all the saloon and bar glassware therein mentioned, in this cause, together with costs by it in this behalf expended," and in form as amended the judgment will be affirmed.

*Affirmed.*